United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of Cindia Deng, as Administrator of the ESTATE OF CARL DENG, and NORMAN LIU, an individual, as owners of the Fishing Vessel, a 24-Foot Sea Swirl Striper, Model Number 2301, Serial Number GSSNF009F203, Official Number CF 9242 PX, California Department of Motor Vehicles Registration N897884 for Exoneration from or Limitation of Liability. | No. C 13-02659 WHA; C 13-05071 WHA |
| JIN D. GUAN, individually and as personal representative of the Estate of Decedent and Wife of Ping Yau Tsang, and as Mother of Jay Len Tsang, a Minor, | **REQUEST FOR INFORMATION** |
| Respondents and Counter-claimants, | |
| v. | |
| CINDIA DENG, as Administrator of the Estate of Carl Deng and Norman Liu, an individual, as owners of the Fishing Vessel, a 24-Foot Sea Swirl Striper, Model Number 2301, Serial Number GSSNF009F203, Official Number CF 9242 PX, California Department of Motor Vehicles Registration N897884, | |
| Plaintiffs and Counter-defendants. | |
| VICTOR TSE and STEVEN SHI HAN ZENG, | |
| Plaintiffs, | |
| v. | |
| CINDIA DENG, as Administrator of the Estate of Carl Deng, Deceased, | |
| Defendant. | |

Section 30511 of Title 46 of the United States Code states: "The action must be brought within 6 months after a claimant gives the owner written notice of a claim." "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court." Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action Rule F(1).

The complaint in limitation was filed on June 10, 2013. The parties agree that if Victor Tse and Steven Zeng gave the owners written notice of a claim prior to December 10, 2012, the complaint in limitation would be time barred (Opp. 5, 7). Victor Tse and Steven Zeng have filed, *inter alia*, a motion to dismiss for lack of subject-matter jurisdiction, arguing that the letters from Allstate Insurance Company, dated November 1, 2012, are sufficient to satisfy the written notice of a claim to the owners. Cindia Deng and Norman Liu disagree, and in opposition, argue — without sworn declarations or deposition testimony — that:

> Tse wrote no letter to Allstate or Plaintiffs in Limitation stating a claim or stating he intended to hold anyone liable for the accident . . . . Zeng wrote no letter to Allstate or Plaintiffs in Limitation stating a claim or stating that he intended to hold anyone liable for the accident.
>
> \*          \*          \*
>
> It is undisputed that Claimants did not send any writing to either the Estate of Carl Deng or individual Norman Liu prior to December 10, 2012. It is undisputed that the Estate of Carl Deng or individual Norman Liu did not receive any claim in writing prior to December 10, 2012.
>
> \*          \*          \*
>
> Assuming (for the sake of argument only) that Claimants had communications with Allstate by providing documentation pertaining to their injuries after Allstate requested that they do so (there is no evidence in the record that they did), these communications still would not have triggered the six month limitation period because those communications pertained only to medical payments coverage and did not refer to any intention to hold the vessel owner liable or otherwise provide enough notice to trigger the running of the statute of limitations.

(Opp. 4, 7, 10). Attorney argument is unsatisfying here for this jurisdictional question and the Court would appreciate the following information in advance of the hearing on April 3.

By **NOON ON MARCH 26, 2014**, Victor Tse, Steven Zeng, and Jin D. Guan shall please file declarations, signed under oath, identifying and appending any and *all* written notice of a claim arising from the boating incident on September 30, 2012, submitted before June 10, 2013. The declarations and exhibits should be organized chronologically (headings can be used), with exhibit tabs. The Court sees the letters, dated November 1, 2012, from Allstate Insurance Company to Victor Tse, Steven Zeng, and the estate of Ping Yau Tsang, but would like to know whether or not Victor Tse, Steven Zeng, Jin D. Guan (or the estate of Ping Yau Tsang), or anyone else gave written notice of any claims. The declarations should also address the following questions.

1. Describe all communications (*e.g.*, written, email, or phone) between Victor Tse, Steven Zeng, and Jin D. Guan on the one hand, and Cindia Deng and Norman Liu on the other hand, between September 30, 2012, and December 11, 2012.

2. Did Allstate initiate contact with Victor Tse, Steven Zeng, and Jin D. Guan (or was it the other way around)? What form did the contact take (*e.g.*, phone, letter, or email)?

3. The letter from Allstate to Victor Tse, dated December 31, 2012, states: "We are in receipt of bills from Michael Lock, DC for your dates of service from November 9, 2012 through December 07, 2012, totaling $805.00." When were these medical bills submitted? To whom were the bills sent?

4. When did each individual first learn of the action captioned as *In the Matter of the Complaint of Cindia Deng and Norman Liu*, No. 3:13-cv-02659-WHA (N.D. Cal. June 10, 2013)? When was each individual first served with any documents filed in the action? Please identify which documents were served.

5. Are Victor Tse, Steven Zeng, and Jin D. Guan aware of any written notice of a claim to plaintiffs in limitation other than the letters from Allstate, dated November 1?

6. Attorney John J. Hughes states that he was retained in this matter in October 2013. Had Victor Tse or Steven Zeng retained any attorneys for the incident on September 30, 2012 prior to October 2013?

3

By **NOON ON MARCH 26, 2014**, plaintiffs in limitation shall please file declarations, signed under oath, identifying and appending any and *all* written notice of any claims arising from the boating incident on September 30, 2012, received before December 10, 2012. The declarations and exhibits should be organized chronologically, with exhibit tabs. For completeness, the declarations should include declarations from Cindia Deng, Norman Liu, and the appropriate Allstate Insurance Company individuals (*e.g.*, Karen Takeuchi and Eric Louie). Cindia Deng and Norman Liu's declarations should also address any communications to and from Victor Tse, Steven Zeng, and Jin D. Guan, including whether Cindia Deng or Norman Liu referred the claimants to Allstate (or referred Allstate to the claimants). They should also state whether the following statement is true (or make appropriate corrections): "neither Mr. Liu or Ms. Deng . . . engaged in conduct that would make Claimants believe Allstate could act on their behalf . . . . they were oblivious to Allstate's communications with Claimants" (Opp. 8).

**IT IS SO ORDERED.**

Dated: March 21, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4