United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of Cindia Deng, as Administrator of the ESTATE OF CARL DENG, and NORMAN LIU, an individual, as owners of the Fishing Vessel, a 24-Foot Sea Swirl Striper, Model Number 2301, Serial Number GSSNF009F203, Official Number CF 9242 PX, California Department of Motor Vehicles Registration N897884 for Exoneration from or Limitation of Liability. | No. C 13-02659 WHA; C 13-05071 WHA |
| JIN D. GUAN, individually and as personal representative of the Estate of Decedent and Wife of Ping Yau Tsang, and as Mother of Jay Len Tsang, a Minor,<br><br>Respondents and Counter-claimants,<br><br>v.<br><br>CINDIA DENG, as Administrator of the Estate of Carl Deng and Norman Liu, an individual, as owners of the Fishing Vessel, a 24-Foot Sea Swirl Striper, Model Number 2301, Serial Number GSSNF009F203, Official Number CF 9242 PX, California Department of Motor Vehicles Registration N897884,<br><br>Plaintiffs and Counter-defendants. | **OMNIBUS ORDER RE CROSS-MOTIONS TO DISMISS, MOTION TO SET ASIDE DEFAULT AND LIFT INJUNCTION, AND MOTIONS TO STRIKE** |
| VICTOR TSE and STEVEN SHI HAN ZENG,<br><br>Plaintiffs,<br><br>v.<br><br>CINDIA DENG, as Administrator of the Estate of Carl Deng, Deceased,<br><br>Defendant. | |

**INTRODUCTION**

In this admiralty action, the parties have filed three motions to dismiss, a motion to set aside default and lift an injunction, and two evidentiary motions to strike. For the reasons stated below, Victor Tse and Steven Zeng's motion to dismiss the complaint in limitation for lack of subject-matter jurisdiction is **DENIED**. Victor Tse and Steven Zeng's motion to dismiss for failure to state a claim is **DENIED**. Victor Tse and Steven Zeng's motion to set aside entry of default and to lift the injunction is **GRANTED**. Cindia Deng and Norman Liu's motion to dismiss is **DENIED**. Jin D. Guan's motion to dismiss is **GRANTED**. Cindia Deng and Norman Liu's motions to strike are **DENIED**.

**STATEMENT**

**1.    DISASTER AT SEA AND SUBSEQUENT LETTERS.**

Carl Deng and Norman Liu were owners of a Sea Swirl Striper fishing vessel. On September 30, 2012, Carl Deng, Victor Tse, Steven Zeng, and Ping Yau Tsang traveled to Half Moon Bay for a fishing trip. At sea, the vessel capsized and Carl Deng (an owner) and Ping Yau Tsang (a passenger) died. Victor Tse (another passenger) suffered a "skull fracture, a fracture of vertebra, and a shoulder injury" (Tse Decl. ¶ 13). Steven Zeng (another passenger) suffered hypothermia and a "severe shoulder dislocation." He was evacuated by helicopter to Stanford Hospital and "subsequently had shoulder surgery" (Tse Decl. ¶ 13, Zeng Decl. ¶ 13). In brief, in the disaster two individuals (an owner and a passenger) died and two individuals (two passengers) were injured.

Following the disaster, Allstate Insurance Company initiated contact with passengers Victor Tse and Steven Zeng (Tse Decl. ¶ 6, Zeng Decl. ¶ 6). Owners Carl Deng and Norman Liu had a boat-owner insurance policy with Allstate (Schultz Decl. Exh. A). Victor Tse, Steven Zeng, and the estate of Ping Yau Tsang received letters from Allstate, dated November 1, 2012, which stated:

> INSURED:  CARL DENG
> DATE OF LOSS:  September 30, 2012
> CLAIM NUMBER:  026132619 NKT
>
> Re:  Claim Acknowledgment

> Dear [Victor Tse / Steven Zeng],
>
> I'm writing to let you know that I will be the Allstate Insurance Company adjuster handling your claim, which we have listed above.
>
> Please feel free to call me if you have any questions or concerns or if you learn of any additional information pertinent to your claim. If I'm not available when you call, please leave a message, including a telephone number where we may reach you, and I will return your call at the first opportunity.
>
> We have a dedicated team of claim professionals that can assist you during the claim process. Just so you are aware, one or more Allstate Insurance Company representatives may contact you about different aspects of your claim. However, you can call me at any time if you become concerned about the progress of your claim.
>
> Sincerely,
> KAREN TAKEUCHI

(Tse Decl. ¶¶ 14–16, Exh. A, Zeng Decl. ¶¶ 14–16, Exh. A). Dated the same day, Victor Tse and Steven Zeng received the following letter:

> INSURED: CARL DENG
> DATE OF LOSS: September 30, 2012
> CLAIM NUMBER: 026132619 NKT
> LOCATION OF LOSS: Pigeon Point, Pescadero, CA
> CLAIMANT(S): [Victor Tse / Steven Zeng]
>
> Re: Your Claim Status
>
> Dear [Victor Tse / Steven Zeng],
>
> We are writing to update you on the status of the claim listed above.
>
> Currently:
>
> • Our investigation of the loss is continuing.
>
> • Our medical and or wage investigation is continuing.
>
> We will continue to update you on the status of the claim until it is resolved . . . .

(Tse Decl. Exh. B, Zeng Decl. Exh. B). In a letter from Allstate to Steven Zeng, dated November 13, 2012, Allstate wrote:

> INSURED: CARL DENG
> DATE OF LOS: September 30, 2012
> CLAIM NUMBER: 026132619 NDS
>
> Dear Steven Zeng,

3

> I am sorry to hear of your recent injury, and I wish you a speedy recovery. Please rest assured that I will do my best to handle your claim as quickly as possible.
>
> I would like to confirm that under the terms of the Watercraft Medical Payments provision of the Boatowners Policy with Allstate Insurance Company, in (sic) benefits are available to you for services or medical products actually provided to you as a direct result of injuries received in this accident. All treatment, services and/or products must be rendered within three years after the date of this accident.
>
> So that I may give you the best results possible, the enclosed Medical/Employer Authorization(s) should be fully completed and returned to Allstate Insurance Company in the envelope provided . . . .

(Svistun Decl. Exh. A). Victor Tse received a largely similar letter from Allstate, dated *December* 12, 2012. Another letter, dated December 3, 2012, was sent to Steven Zeng asking again for his Medical/Wage Authorization form (*id*. Exh. B).

On or around December 15, 2012, Victor Tse sent his response to the Medical/Wage Authorization form (Tse Decl. ¶ 3, Exh. A).

On December 17, 2012, Steven Zeng, via his wife Fanny Zeng, received $355 as reimbursement for co-payments (Dkt. No. 95, Zeng Decl. ¶ 3, Exh. A).

In a letter from Allstate to Victor Tse, dated December 31, 2012, Allstate stated in relevant part:

> We are in receipt of bills . . . totaling $805.00, however, the amount remaining under the $1,000 medical payments coverage for this loss is $643.10. We are sending payment to you in the amount $643.10 . . . and are continuing our investigation of the liability of your injuries.

(Tse Decl. Exh. E). From December to February, Tse and Zeng received more letters from Allstate.

On January 24, 2013, Victor Tse and Steven Zeng were interviewed by Allstate (Tse Decl. ¶ 25, Zeng Decl. ¶ 25). They then received letters, dated April 22, 2013. In an about-face, those letters stated:

> INSURED: CARL DENG
> DATE OF LOSS: September 30, 2012
> CLAIM NUMBER: 021032619 NEL
>
> Dear [Victor Tse / Steven Zeng],

4

> This letter is in regards to your boating accident of (sic) the coast of Pigeon Point, Pescadero, California on September 30, 2012.
>
> *Unfortunately, we are not accepting liability for this accident. Therefore, we are denying the liability claim.* As you are aware, we interviewed you and the other survivor and it is clear our insured was not negligent for the accident. The guest medical payments coverage has been offered and is $1000.00 . . . .
>
> Sincerely,
> ERIC LOUIE

(Tse Decl. Exh. I, Zeng Decl. Exh. I) (emphasis added).

### 2. IN RE THE MATTER OF THE COMPLAINT OF CINDIA DENG.

In June 2013 — approximately eight months after the disaster, seven months after the first letter from Allstate (dated November 1, 2012), and more than a month after the denial-of-liability letter from Allstate (dated April 22, 2013) — plaintiffs in limitation Cindia Deng and Norman Liu filed a "complaint for exoneration from or limitation of liability." *In re the Matter of the Complaint of Cindia Deng*, No. 3:13-cv-02659-WHA (N.D. Cal. June 10, 2013). The complaint alleged that:

> Zeng and Tse have not yet filed suit against Plaintiffs, but . . . may assert claims and/or bring suit for alleged injury or other damages arising from the aforementioned capsizing.
>
> \*          \*          \*
>
> Not more than six months have elapsed between Plaintiffs' receipt of notice of any claim or suit arising from the aforementioned capsizing and the filing of this action for exoneration or limitation.

(Compl. ¶¶ 25, 30). In other words, Cindia Deng and Norman Liu sought to limit their liability arising from the disaster at sea.

Upon application, a July 2013 order of injunction and monition provided for notice of the complaint. The order stated:

> That pursuant to Rule F(4) of the Supplemental Admiralty Rules, *notice shall issue* out of and under the seal of this Court in the form attached hereto entitled "Notice of Complaint for Exoneration From or Limitation of Liability," *to all persons asserting claims with respect to which the complaint seeks exoneration or limitation, admonishing them to file their respective claims*, if at all, with the Clerk of the Court and to serve on the attorneys for the Plaintiffs a copy thereof on or before July 26, 2013;

5

> *That such notice shall be published in The Recorder, a newspaper published in the San Francisco Bay Area, once a week for four consecutive weeks prior to August 9, 2013*; and,
>
> That Plaintiffs shall, not (sic) later than the day of second publication, also *mail a copy of the notice to every person known to have made any claim against the Sea Swirl or the Plaintiffs arising out of the collision, voyage or trip on or out of which the claims sought to be limited arose*.

(Dkt. No. 13) (emphasis added). The notice was printed in THE RECORDER on July 8, July 15, July 22, and July 29 — a local weekly, read mainly by lawyers (Dkt. No. 29-5). Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rule") provides for notice to be published in a newspaper "once a week for four successive weeks prior to the date fixed for the filing of the claims" and for the plaintiff to mail a copy of the notice "to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." The July 2013 notice by the Clerk stated:

> NOTICE is hereby given . . . that Plaintiffs Cindia Deng, as Administrator of the Trust and Estate of Carl Deng, and Norman Liu, an individual, owners of a fishing vessel . . . Sea Swirl, have filed a complaint . . . claiming the right to exoneration from or limitation of liability for all claims against them for injury or other damage resulting from the capsizing of the Sea Swirl in the Pacific Ocean which occurred on or about September 30, 2012.
>
> All persons having such claims and wishing to contest Plaintiffs' complaint must file such claims, if at all, as provided by Rule F of the Supplemental Admiralty Rules, with the Clerk of this Court . . . and serve copies of them on or mail to the Plaintiff's attorneys . . . **on or before July 26, 2013**, or be defaulted. A personal appearance is not required.

(Dkt. No. 14) (emphasis in original). In June and July, the complaint in limitation, notice, and July 2013 order, among other documents, were mailed to "all known potential claimants" (Dkt. Nos. 29, 29-4, Schultz Decl. ¶¶ 3, 6). Steven Zeng and Victor Tse learned about the action in June 2013 (Dkt. Nos. 92, 99, Tse Decl. ¶ 8, Zeng Decl. ¶ 7).

In August 2013, Jin D. Guan (the widow of the decedent, Ping Yau Tsang), as a representative of the estate of Ping Yau Tsang and the mother of Jay Len Tsang (a minor), filed an answer and counterclaim. (The parties stipulated to extend Jin Guan's time to answer (Dkt. Nos. 15, 18).)

At the September 2013 hearing, Cindia Deng and Norman Liu requested entry of default against all potential claimants who had not appeared. The request was granted. The September 2013 order stated that default was entered against "all persons claiming damages for any and all losses or damages of any nature whatsoever resulting from the September 30, 2012 incident involving the SEA SWIRL, who have not filed their claims herein" (Dkt. Nos. 28, 31). Default judgment has not yet been entered.

### 3. VICTOR TSE AND STEVEN ZENG.

In October 2013 — approximately six months after the Allstate letter, dated April 22, 2013, and three months after the July 26, 2013, deadline — Victor Tse and Steven Zeng filed a "complaint for damages for maritime personal injury." *Tse, et al. v. Deng*, No. 3:13-cv-05071-WHA (N.D. Cal. Oct. 30, 2013). The actions were then related and subsequently consolidated in February 2014.

In November 2013, Jin D. Guan, Cindia Deng, and Norman Liu appeared for a discovery hearing regarding claim-file documents from Allstate. In the main, pursuant to the subpoena, Allstate was to produce written documents and correspondence from the date of the disaster to December 10, 2012 (Dkt. No. 46). After two mediation sessions with Matthew P. Vafidis (an attorney at Holland & Knight) in December and February, the parties were unable to settle their dispute.

The first amended case management scheduling order states that fact discovery closes on August 28, the last date to file dispositive motions is October 2, and a bench trial will begin December 8, 2014 (Dkt. No. 59).

Currently, there are several pending motions: (1) Cindia Deng and Norman Liu's motion to dismiss all claims by Victor Tse and Steven Zeng; (2) Victor Tse and Steven Zeng's motion to set aside default, lift injunction, and dismiss all claims by Cindia Deng and Norman Liu; and (3) Jin D. Guan's motion to dismiss the negligence and property damage counterclaims by Cindia Deng and Norman Liu. Cindia Deng and Norman Liu have also filed two separate evidentiary motions to strike.

A March 21 order provided the parties an additional opportunity to complete the record in advance of the hearing on April 3. This order follows full briefing and oral argument.

**ANALYSIS**

**1.  LIMITATION ON LIABILITY.**

Our court of appeals has noted the "misshapen from the start" and "arthritic with age" nature of the Limitation of Shipowners' Liability Act, 46 U.S.C. 30501, *et seq.*, originally enacted in 1851 (formerly 46 U.S.C. 181, *et seq.*). *Esta Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 237 (9th Cir. 1989). To this end, this order briefly summarizes the limitation of liability procedure. When faced with liability, a vessel owner may file a complaint in limitation. Title 46 of the United States Code Section 30505(a) states, in relevant part, that "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight." The following claims are subject to limitation:

> Unless otherwise excluded by law, *claims, debts, and liabilities subject to limitation under subsection (a) are those arising from* any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, *any loss, damage, or injury by collision*, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, *without the privity or knowledge of the owner*.

46 U.S.C. 30505(b) (emphasis added). After the vessel owner deposits with a district court an amount representing the value of the vessel and its freight, assessed after the damage or loss has taken place ("limitation fund"), the district court may direct all potential claimants to file their claims with the court by a specified time ("monition period") or risk default. This "concursus" of claims compels all actions arising out of the loss at sea to be disposed of in a single proceeding (with the exception of foreign tribunals). At trial, there is a two-step analysis. *First*, the claimants must prove that the destruction or loss was caused by the negligence or unseaworthiness of the vessel. *N. Fishing & Trading Co., Inc. v. Grabowski*, 477 F.2d 1267, 1272 (9th Cir. 1973). *Second*, the burden shifts to the vessel owner to demonstrate no privity or knowledge of those acts of negligence or conditions of unseaworthiness. If the vessel owner is found liable and limitation is granted, then the district court distributes the limitation fund. *In re Muer*, 146 F.3d 410, 414 (6th Cir. 1998).

8

### 2. VICTOR TSE AND STEVEN ZENG'S MOTION TO DISMISS THE COMPLAINT IN LIMITATION FOR LACK OF SUBJECT-MATTER JURISDICTION.

Section 30511 of Title 46 of the United States Code states (emphasis added):

> The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after *a claimant* gives the owner *written notice of a claim*.

*See also* Supplemental Rules for Admiralty or Maritime Actions and Asset Forfeiture Actions ("Supplemental Admiralty Rule") Rule F(1).

The complaint in limitation was filed on June 10, 2013. If a claimant had given the owners written notice of a claim before December 10, 2012, the complaint in limitation would have been untimely (Br. 6–7, Opp. 5). *No written notice of a claim by a claimant was given prior to December 10, 2012*. Therefore, the complaint in limitation was timely.

In arguing invalidity of the complaint in limitation and subsequent bar order, the defaulting claimants have tried mightily to concoct evidence of a written claim before December 10, 2012. A March 21 order provided the parties an additional opportunity to complete the record in this regard. The vessel owners, however, stated that they "did not receive any written notice that any person or entity was making a claim arising out of the September 30, 2012, boating accident during the time period from September 30, 2012, through December 10, 2012" (Dkt. Nos. 89, 90, Deng Decl. ¶ 2, Liu Decl. ¶ 2).

From the claimants' side, Steven Zeng stated:

> *I sent no written correspondence to Cindia Deng or Norman Liu concerning my claim arising from the boating incident on September 30, 2012.*
>
> I sent no written correspondence to Allstate Insurance Company concerning my claim arising from the boating incident on September 30, 2012 between that date and June 10, 2013, however I am informed and believe based on my conversations with my wife Fan[n]y Man Yee Li Zeng, that she completed and sent documents and correspondence to Allstate on my behalf.

(Dkt. No. 92, Zeng Decl. ¶¶ 2, 3) (emphasis added). Other than the communications with Allstate, he had "no other communications with Cindia Deng or Norman Liu concerning his claim arising from the boating incident" (*id*. ¶ 5). His wife could only state that to the "best of [her] recollection" she sent receipts and bills to Allstate "during the month of November, 2012"

9

1  (Dkt. No. 95, Fanny Zeng Decl. ¶ 2).  Allstate responds that, upon reviewing its file, from

2  September 2012 through December 10, 2012, "Allstate did not receive written notice that any

3  individual stated any intention to assert third party claims" (as opposed to claims from the vessel

4  owners) (Dkt. No. 88, Takeuchi Decl. ¶ 5).

5  Victor Tse's response was much the same.  He sent his medical and employer

6  information to Allstate on or around December 17, 2012, and said he first mailed co-payment

7  receipts in or around November 2012 (Dkt. No. 99, Tse Decl. ¶ 3).  Allstate received the receipts

8  on November 19, 2012, and they totaled "a couple of hundred of dollars, which is less than the

9  amount of coverage provided by the Allstate policy issued to Mr. Deng" (Dkt. No. 88, Takeuchi

10 Decl. ¶ 15, Exh. I).  As explained below, none of these correspondences rose to the level of

11 giving written notice of a claim by a claimant because they did not reveal a reasonable

12 possibility that the claim is one subject to limitation.

13 The defaulted claimants resort to reliance on letters *from Allstate* to Victor Tse, Steven

14 Zeng, and the estate of Ping Yau Tsang, dated November 1.  That is, Allstate itself sent out the

15 letters described above and those letters, it is said, started the six-month period running.  But the

16 statute of limitations required that the "claimant" give written notice.  46 U.S.C. 30511.  Allstate

17 was not the claimant.  To hold otherwise would erase the "claimant" language in Section 30511.

18 In any event, the Allstate letters did not reveal a reasonable possibility that the claim

19 would exceed the value of the vessel.  Therefore, the Allstate letters did not satisfy the

20 "reasonable possibility" test imposed by four circuits (but not yet addressed by our court of

21 appeals).  *See, e.g.*, *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 317 (5th Cir. 2012), cert.

22 dismissed, 133 S. Ct. 96 (2012); *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1091 (11th Cir.

23 2005); *Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 829 (7th Cir. 1996);

24 *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 33 (2d Cir. 1982).  This is merely an

25 alternative ground.  The main point is the statutory "claimant" requirement.

26 Accordingly, the motion to dismiss the complaint in limitation based on lack of subject-

27 matter jurisdiction by virtue of correspondence from Allstate is **DENIED**.

28

10

### 3. VICTOR TSE AND STEVEN ZENG'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Having failed to invalidate the complaint in limitation, Victor Tse and Steven Zeng next seek to "set aside the default and lift the injunction as to Deng because she cannot state a claim for relief under the Limitation of Liability Act." They say that because Carl Deng, the late husband of Cindia Deng, was the *owner and operator*, he is "statutorily precluded from invoking the remedies afford by the Act as to his own negligence." Not so.

In a limitation action, the district court is charged with a two-step inquiry: (1) determining whether there was negligence or unseaworthiness, and (2) the owner's knowledge or privity. If neither is shown, then the vessel owner is entitled to a limitation of liability. *See N. Fishing & Trading Co.*, 477 F.2d at 1272.

> Under the Limitation Act, a ship owner is entitled to exoneration if he, his vessel, and crew are found to be completely free of fault. Even if not completely free of fault, the ship owner is entitled to limitation of liability if the ship owner had no knowledge or privity to the ship's negligence or unseaworthiness. The burden of proving negligence lies on the person claiming to be injured, but once negligence is established, the vessel's owner must prove lack of knowledge or privity to the negligence.

*In re Cleveland Tankers, Inc.*, 67 F.3d 1200, 1203 (6th Cir. 1995).

At this stage of litigation, the claimants have not made a conclusive showing of negligence. Instead, they urge that their alleging of facts that would support a finding of knowledge or privity (the second step in the inquiry) requires dismissal of the complaint in limitation. Because Carl Deng was both the owner and operator of the vessel, they argue, he, therefore, must have had knowledge or privity as to any negligence that might have occurred. This order disagrees. These are matters of fact to be decided at trial.

Claimants cite several decisions to support their position that where an owner is actually in control of, or operating, a vessel at the time of the accident, that owner is precluded from limiting his liability. The loss in *In re Complaint of Ingolia*, 723 F. Supp. 512 (C.D. Cal. 1989) (Judge Stephen Wilson), arose out of an accident where a motorboat struck a wave while the owner was operating the boat. The district court found that the Fifth Circuit decision in *Fecht v. Makowski*, 406 F.2d 721 (5th Cir. 1969), was "directly on point" and, like *Fecht*, held that "[i]f

11

there was negligence in the operation of the motorboat, only [the operator] could have been guilty of it." *Id*. at 515. The district court in *Petition of Follett*, 172 F. Supp. 304, 305 (D. Tex. 1958) (Judge Ben Connally), reached the same conclusion when the owner and operator of a motorboat collided with another speedboat. The court based its decision on the fact that "[n]o other party was alleged to have been with them, either as pilot or passenger." *Ibid*.

On the other hand, the district court in *In re Arntz*, 380 F. Supp. 2d 1156, 1159 (C.D. Cal. 2005) (Judge James Selna), held that an owner and operator of a vessel that left a scuba diver at sea for several hours was not precluded from limiting his liability as a matter of law. The district court noted that "[w]hile it may be difficult given the circumstances of this case, [the owner] is entitled to an opportunity to present facts to demonstrate that his conduct was in all respects prudent." *Id*. at 1160. This order sides with Judge James Selna and will allow the facts to be developed before leaping to a categorical conclusion.

In this connection, please note that the Fifth Circuit decision *Fecht* and its progeny — have been heavily criticized by other circuits. *Muer v. Karbel*, 146 F.3d 410 (6th Cir. 1998); *Petition of M/V Sunshine, II*, 808 F.2d 762, 765 (11th Cir. 1987) (*quoting* Gilmore and Black, The Law of Admiralty, Sections 10–23 & n.93).

Although our court of appeals has yet to comment on *Fecht*, two circuits have and have rejected *Fecht*. This order will allow the vessel owner (or his representative) to proceed to summary judgment and/or trial to try to establish he acted without negligence and without privity or knowledge of negligence by others. The motion to dismiss the complaint in limitation is **DENIED**.

### 4. MOTIONS TO STRIKE.

On March 3, Cindia Deng and Norman Liu filed a five-page motion to strike the declarations of Victor Tse and Steven Zeng because (1) Victor Tse and Steven Zeng "do not read or speak English fluently, and therefore, they cannot be considered to have personal knowledge of the detailed English statements made in their declarations," (2) the declarations refer to statements outside the complaint, and (3) the declarations contain hearsay and lack foundation (Dkt. No. 76). On March 7, Cindia Deng and Norman Liu filed a five-page motion to strike the

declaration of John Hughes (counsel for Victor Tse and Steven Zeng) and to strike the second set of declarations of Victor Tse and Steven Zeng because of the above-stated reasons and for "legal conclusion and arguments" in the declaration (Dkt. No. 80). Victor Tse and Steven Zeng filed responses (Dkt. Nos. 83, 84, 86).

*First*, the request to strike any paragraphs not relied upon in this order is **DENIED AS MOOT**.

*Second*, Local Rule 7-3 states, "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." The failure to comply with our district's local rules is reason enough to deny the motion to strike.

### 5. VICTOR TSE AND STEVEN ZENG'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND TO LIFT THE INJUNCTION.

Victor Tse and Steven Zeng move to set aside the entry of default pursuant to FRCP 55(c) which states: "[t]he court may set aside an entry of default for good cause." Default judgments are disfavored, and cases should be decided on their merits whenever reasonably possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Rule F(4) of the Supplemental Admiralty Rules states "[f]or cause shown, the court may enlarge the time within which claims may be filed." The following factors are considered in deciding whether to set aside entry of default: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (brackets in original).

"Admiralty is administered with equitable liberality." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963). "[T]he granting or withholding of permission to file claims after the expiration of the monition period is discretionary with the trial court." *Meyer v. New England Fish Co. of Oregon*, 136 F.2d 315, 316 (9th Cir. 1943). Our claimants' motion is essentially directed at permitting them to enter their claims, filed after the July 26, 2013, deadline set in the notice. In determining whether to permit late claims, it is important to consider "(1) whether the proceeding is pending and undetermined, (2) whether

13

granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late." *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993).

Here, Victor Tse and Steven Zeng were two of the four men on the capsized vessel. Victor Tse suffered a "skull fracture, a fracture of vertebra, and a shoulder injury" (Dkt. No. 65, Tse Decl. ¶ 13). Steven Zeng suffered hypothermia and a "severe shoulder dislocation." He was evacuated by helicopter to Stanford Hospital and "subsequently had shoulder surgery" (Dkt. No. 66, Zeng Decl. ¶ 13). They received a series of letters from Allstate, concluding with a letter in April 22, 2013, which, reversed field, and stated: "we are not accepting liability for this accident" (Zeng Decl. Exh. I). Notice of the complaint in limitation was provided. No one timely responded other than the wife of the other decedent, Jin D. Guan. Plaintiffs in limitation quickly requested entry of default in September 2013 and the request was granted.

These claimants, Victor Tse and Steven Zeng, both have limited English fluency. Indeed, the opposing side moves to strike their declarations for this reason. Unsurprisingly (and indisputably), they did not timely file a claim by the July 2013 deadline (even though they were served). In October 2013, when they obtained present counsel (after having prior counsel for a short time in May and August 2013), they filed a complaint (Hughes Decl. ¶ 2). But by this time, default had been entered. The limitation action, however, had been underway a mere four months.

This order finds that the entry of default as to Victor Tse and Steven Zeng should be set aside. These claimants — two of the four men on the vessel — were precisely the type of claimants intended to be covered by this complaint in limitation. We must not forget that the complaint in limitation expressly called out Victor Tse and Steven Zeng. We must also remember that Allstate sent a series of letters that would reasonably have lulled recipients to expect that Allstate would make good on any losses, only to reverse field in April 2013 and deny all coverage. Recipients of such letters, expecting that medical expenses would be covered by Allstate, would have naturally believed there was no need to incur the expense and effort to find and retain an attorney. This sheds some insight on Victor Tse and Steven Zeng's delayed reaction to the complaint in limitation. Given the infancy of this action, the limited English

14

fluency of Victor Tse and Steven Zeng (asserted by plaintiffs in limitation themselves), and claimants' eventual filing of a complaint in October 2013 soon after counsel were retained, it is fair to lift the default for Victor Tse and Steven Zeng.

There has been no showing of bad faith, intentional refusal to answer the complaint in limitation, or mischievous attempt to manipulate the legal process supporting a finding of culpable conduct that led to the default. None of the typical reasons for denying a motion to lift a default are present here. Moreover, no prejudice would result to plaintiffs in limitation. There is still much time remaining in discovery (which closes in August) and trial is set for December 2014. Furthermore, no default judgment has been entered.

Accordingly, the motion to set aside entry of default as to Victor Tse and Steven Zeng is **GRANTED**. Victor Tse and Steven Zeng also move to lift the injunction which "enjoin[ed] the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Admiralty Rule F(3). The motion to lift the injunction as to Victor Tse and Steven Zeng is **GRANTED**. To be clear, this relief is limited to Victor Tse and Steven Zeng.

### 6. CINDIA DENG AND NORMAN LIU'S MOTION TO DISMISS THE COMPLAINT BY VICTOR TSE AND STEVEN ZENG.

Next, Cindia Deng and Norman Liu, the ship owners, move to dismiss the consolidated claims from Victor Tse and Steven Zeng's "complaint for damages for maritime personal injury." *Tse, et al. v. Deng*, No. 3:13-cv-05071-WHA (N.D. Cal. Oct. 30, 2013). Cindia Deng and Norman Liu argue that the claims should be dismissed (1) for lack of subject-matter jurisdiction, (2) pursuant to FRCP 12(b)(6), and (3) under the "first-filed rule" (Dkt. No. 61).

*First*, Cindia Deng and Norman Liu argue that this Court lacks subject-matter jurisdiction over Victor Tse and Steven Zeng's personal injury claims pursuant to the Limitation of Shipowners' Liability Act and the July 26 order barring claims not asserted in that action. Cindia Deng and Norman Liu contend that Victor Tse and Steven Zeng's claims arising from the disaster can no longer be considered because they were filed late.

15

For the reasons set forth above, the injunction against further prosecution of claims and the entry of default as to Victor Tse and Steven Zeng are lifted. Accordingly, Cindia Deng and Norman Liu's subject-matter jurisdiction argument based on the July 26 order is moot.

*Second*, Cindia Deng and Norman Liu move to dismiss pursuant to FRCP 12(b)(6) because Victor Tse and Steven Zeng's claims were not filed within the time period specified by the July 26 order. As stated above, FRCP 55(c) allows a district court to "set aside an entry of default for good cause." This has now been done.

*Third*, Cindia Deng and Norman Liu argue that Victor Tse and Steven Zeng's personal injury complaint should be dismissed because it violates the "first-filed rule." The "first-filed rule" is a discretionary doctrine that permits district courts to decline judgment on an issue which is properly before another court. "The comity doctrine permits a district court to decline jurisdiction over a matter if a complaint has already been filed in another district." *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979). Here, no such situation exists. Victor Tse and Steven Zeng's claims have been related and consolidated into this action and there is no pending action before another district court. Accordingly, Cindia Deng and Norman Liu's motion to dismiss is **DENIED**.

### 7. JIN D. GUAN'S MOTION TO DISMISS CINDIA DENG AND NORMAN LIU'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM.

Plaintiffs in limitation Cindia Deng and Norman Liu filed a counterclaim against Jin D. Guan, the personal representative of the Estate of Tsang, for negligence and property damage related to the disaster. Jin Guan moves to dismiss the counterclaim for failure to state a claim and for being time-barred. This order only reaches the issue of failure to state a claim and finds that dismissal is warranted because a passenger on a vessel owes no duty of care to an operator or another passenger with respect to the operation of the vessel.

Jin Guan argues that the counterclaim does not plead one fact "that provides any basis of any claim that Jin D. Guan or her deceased husband (Ping Yau Tsang) has any responsibility and/or duty for this vessel capsizing." Jin Guan argues that "as a clear matter of law, the control and operation of the boat was placed in the hands of the owner and operator, Mr. Deng . . . and cannot be in the hands of the passenger." Jin Guan points to allegations in the complaint for

16

exoneration from or limitation of liability that Carl Deng owned and operated the Sea Swirl and Tsang was a passenger (Compl. ¶¶ 5, 18, 19, 22, 23, 24). Jin Guan alleges that the June 2013 complaint "stated nothing therein that Mr. Tsang, in fact, caused anything (let alone was negligent)." Finally, Jin Guan alleges that Cindia Deng and Norman Liu "answered the counter-claim of Ms. Guan, filing no affirmative claim against Ms. Guan" (Br. 2, 3, 5). The counterclaim alleges that Ping Yau Tsang was engaged in a joint venture and that "Tsang, as a voluntary, willing and enthusiastic participant in the fishing adventure, had an obligation to ensure that it was conducted in a safe manner." The counterclaim further alleges that "[b]y failing to do so, Tsang caused or contributed to the overturning of the Sea Swirl, his own death, the death of Deng, and the injuries, if any, to Tse and Zeng." The counterclaim then lists the allegedly negligent acts and/or omissions of Tsang, including failing to keep a proper lookout, losing situational awareness, and failing to wear a life jacket at all times (Countercl. ¶¶ 3, 17, 18).

Pin Yau Tsang was a passenger on the vessel. A joint venture was not created because a joint venture requires joint control and there is no allegation (nor could there be) that Pin Yau Tsang had control of the vessel. *A passenger on a vessel owes no duty of care with respect to the operation of the vessel because the command of the vessel is up to the captain, master, or owner/operator and all passengers are subject to their instruction.* Only if one passenger has taken upon himself a special duty and another passenger has relied thereon could there be a duty of care from one passenger to another. No such allegation is made. Accordingly, the motion to dismiss the counterclaim is **GRANTED**. Given that no viable scenario is suggested as an alternative in the opposition, leave to amend will not be entertained.

## CONCLUSION

For the reasons stated above, Victor Tse and Steven Zeng's motion to dismiss the complaint in limitation for lack of subject-matter jurisdiction is **DENIED**. Victor Tse and Steven Zeng's motion to dismiss for failure to state a claim is **DENIED**. Victor Tse and Steven Zeng's motion to set aside entry of default and to lift the injunction is **GRANTED**. Cindia Deng and Norman Liu's motion to dismiss is **DENIED**. Jin D. Guan's motion to dismiss is **GRANTED**.

Cindia Deng and Norman Liu's motions to strike are **DENIED**. Further motion practice is not invited. Counsel should prepare for trial and only bring motions with a realistic probability of success.

**IT IS SO ORDERED.**

Dated: April 3, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE