United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of Cindia Deng, as Administrator of the ESTATE OF CARL DENG, and NORMAN LIU, an individual, as owners of the Fishing Vessel, a 24-Foot Sea Swirl Striper, Model Number 2301, Serial Number GSSNF009F203, Official Number CF 9242 PX, California Department of Motor Vehicles Registration N897884 for Exoneration from or Limitation of Liability. | No. C 13-02659 WHA<br><br>and<br><br>No. C 13-05071 WHA |
| JIN DI GUAN, individually and as personal representative of the Estate of Decedent and Wife of Ping Yau Tsang, and as Mother of Jaylen Tsang, a Minor,<br><br>    Respondents and Counter-claimants,<br><br>v.<br><br>CINDIA DENG, as Administrator of the Estate of Carl Deng and Norman Liu, an individual, as owners of the Fishing Vessel, a 24-Foot Sea Swirl Striper, Model Number 2301, Serial Number GSSNF009F203, Official Number CF 9242 PX, California Department of Motor Vehicles Registration N897884,<br><br>    Plaintiffs and Counter-defendants. | **AMENDED ORDER GRANTING PETITION TO APPROVE MINOR'S COMPROMISE** |
| VICTOR TSE and STEVEN SHI HAN ZENG,<br><br>    Plaintiffs,<br><br>v.<br><br>CINDIA DENG, as Administrator of the Estate of Carl Deng, Deceased,<br><br>    Defendant. | |

**INTRODUCTION**

In this admiralty action, petitioner seeks approval of a minor's compromise. For the reasons stated herein, the petition is **GRANTED**.

**STATEMENT**

A prior order recounted the procedural history of this action so it will not be repeated herein (Dkt. No. 102). In brief, Carl Deng and Norman Liu were owners of a fishing vessel. They held a boat-owner insurance policy with Allstate Insurance Company.

In September 2012, Carl Deng, Victor Tse, Steven Zeng, and Ping Yau Tsang went on a fishing trip. At sea, the vessel capsized. Carl Deng (an owner) and Ping Yau Tsang (a passenger) died. Victor Tse and Steven Zeng (both passengers) were injured.

In June 2013, Cindia Deng (administrator of the estate of owner Carl Deng) and Norman Liu filed a "complaint for exoneration from or limitation of liability." *In re the Matter of the Complaint of Cindia Deng*, No. 3:13-cv-02659-WHA (N.D. Cal. June 10, 2013).

In August 2013, Jin Di Guan (widow of the decedent, Ping Yau Tsang), as a representative of the estate of Ping Yau Tsang and the mother of Jaylen Tsang (a minor), filed an answer and counterclaim (*e.g.*, wrongful death, unseaworthiness of the vessel, negligence). Jaylen Tsang is the eight year old daughter of decedent Ping Yau Tsang. The Tsangs are represented by Anderlini & McSweeney LLP and the Law Offices of Gary A. Angel, both located in Northern California. The retainer between the Tsangs and Anderlini & Emerick LLP (now Anderlini & McSweeney LLP) stated that the firm would be assigned a lien of thirty-three-and-one-third percent of the gross amount recovered by a compromise, if the action settled at least fifty days before trial (Dkt. No. 114-1). (Trial is scheduled for December 2014; the action settled in June 2014.)

In October 2013, passengers Victor Tse and Steven Zeng filed a complaint for damages. *Tse, et al. v. Deng*, No. 3:13-cv-05071-WHA (N.D. Cal. Oct. 30, 2013). The actions were consolidated. A subsequent order, *inter alia*, denied the motions to dismiss (except for Jin Di Guan's motion to dismiss a counterclaim which was granted) (Dkt. No. 102).

2

In December 2013 and February 2014, the parties participated in two ADR sessions (Dkt. Nos. 47, 58). The parties were subsequently referred to a Magistrate Judge for settlement purposes.

In June 2014, the parties participated in a settlement conference before Magistrate Judge Donna Ryu. All parties were represented by counsel. The case fully settled, subject to the pending petition for approval of the minor's compromise (Dkt. No. 107).

In July 2014, the instant petition to approve the minor's compromise was filed. Counsel represented that the "insurance policy limits remaining for the claimant and her mother were $200,000." Over and beyond this limit, Cindia Deng (wife of Carl Deng) and Norman Liu offered $50,000 — for a total of $250,000. The settlement funds will be paid on a schedule, with the final payment from the defendants due within ninety days of June 30, 2014.

The settlement total would be divided as follows: $90,338.15 to minor Jaylen Tsang (daughter of decedent Ping Yau Tsang), $79,963.15 to Jin Di Guan (wife of decedent Ping Yau Tsang and mother of Jaylen Tsang), and $79,698.70 to counsel for attorney's fees and expenses. (Counsel provided invoices showing $6,823.71 in expenses (Exhs. 1–3).)

Counsel did not provide the underlying settlement agreement, but represented that "[p]etitioner fully understands that . . . the claimant will be forever barred from seeking any further recovery of compensation from the settling defendants." Counsel proposed that the minor's net amount be deposited in a federally insured blocked account at First Republic Bank in San Francisco to be held until Jaylen Tsang's eighteenth birthday (Dkt. No. 114).

On July 14, Victor Tse, Steven Zeng, and Cindia Deng filed a notice of voluntary dismissal.

**ANALYSIS**

Our court of appeals has stated that "[d]istrict courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181–82 (9th Cir. 2011). Regarding settlement proposals,

> the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total

3

> settlement value designated for adult co-plaintiffs or plaintiffs' counsel . . . [s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties.

Here, minor Jaylen Tsang will net $90,338.15 after attorney's fees and expenses are paid out. According to counsel, this amount reflects the maximum amount remaining under the insurance policy limits and a $25,000 ($50,000 total for wife and daughter) addition contributed by defendants. Upon consideration of the facts of the case, the minor's claims, the defenses raised, the risks of prolonged litigation and trial, and the recoveries in similar actions, the order finds the proposed compromise fair and reasonable.

## CONCLUSION

For the reasons stated herein, the petition to approve the minor's compromise is **GRANTED**. According to the petition, the defendants' final payment towards the settlement is due within ninety days of June 30, 2014, *i.e.*, **SEPTEMBER 29, 2014**. Within **SEVEN CALENDAR DAYS** of that payment, the amount of **$90,338.15** shall be placed in a blocked account for Jaylen Tsang until her eighteen birthday (Dkt. No. 114-5).

**IT IS SO ORDERED.**

Dated: September 2, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE